# Pilgreen *v.* The State.

*Indictment for Sale of Spirituous, Vinous or Malt Liquors contrary to Local Statute.*

1. *Contract of sale of specific chattels; when complete.*—A sale of specific chattels in the possession of the seller is complete, and the title passes to the purchaser, when the parties agree upon the terms of sale, although the actual possession may not pass, and the purchaser may not be entitled to it, until he pays the price, or performs some other like stipulation.

2. *Same; delivery to common carrier.*—A delivery of goods to a carrier for the buyer, in accordance with his specific request, is a delivery to the buyer.

3. *Same; relation of the common carrer to the parties.*—When goods are forwarded through an express company, by instructions of the purchaser, marked "C. O. D.," the carrier is the agent of the purchaser to receive the goods from the seller, and the agent of the seller to collect the price from the purchaser; and the sale is complete when the goods are delivered to the carrier.

4. *Local statute prohibiting sale of intoxicating liquors; when sale not violative of.*—A sale, to be in violation of a local statute, making it unlawful "to sell, etc., spirituous, vinous, or malt liquors," within a desig-

[Pilgreen v. The State.]

nated locality, must be made in that locality; and hence, a sale, passing the title, made in a different locality, where the liquor is set apart and delivered to an express company, to be by it transported into the territory covered by the statute, and there delivered to the buyer, is not within the words or spirit of the statute, although the liquor is sent " C. O. D.," by instructions of the buyer, and he pays the price therefor on delivery.

APPEAL from Shelby Circuit Court.

Tried before Hon. SAMUEL H. SPROTT.

The facts are sufficiently stated in the opinion.

COBB, WILSON & WILSON, and BOWDEN & KNOX, for appellant. (No brief came to the hands of the reporter.)

H. C. TOMPKINS, Attorney-General, for the State. The title to the liquor sold never passed out of Pilgreen until its delivery, at Columbiana, to the consignee. The expressman was the agent of defendant for the delivery of the liquor and collection of the price. If any damage had been done to it, or if it had been lost in the possession of the carrier, Pilgreen alone could have maintained an action for such loss or injury.—Hutchinson on Carriers, §§ 389–94.

BRICKELL, C. J.—The indictment was found, and the conviction had, under a special statute, rendering it unlawful "to sell, give away, or otherwise dispose of any spirituous, vinous, or malt liquors, or intoxicating bitters within five miles of the Methodist, Baptist, or Presbyterian churches of Columbiana," and in other designated localities.—Pamph. Acts, 1880–81, p. 148. The facts of the case were undisputed, and were agreed upon by the solicitor representing the State, and by the defendant and his counsel. The defendant was a licensed wholesale and retail dealer in spirituous, vinous and malt liquors, engaged in and doing business at Calera, a town in Shelby county, twelve miles from the town of Columbiana, the county site. He received by mail an order from one Dollar, requesting that he would send to him at Columbiana a half–gallon of whiskey, by the Southern Express Company, a common carrier between Columbiana and Calera, marked C. O. D. These letters imported that it was the duty of the express company to receive the price on delivery of the whiskey. The defendant filled the order at Calera, there delivered the whiskey to the express company, and by the company it was delivered to Dollar at Columbiana, where he paid the price and all charges to the company, from whom the defendant received the price at Calera. Instructions were given and refused; these we do not consider separately or critically. The case was really before the Circuit Court as if the jury had made a special finding of these facts, leaving

24

the court to render judgment upon them. The effect of the instructions given was, that Columbiana was the place of sale, and that it was a violation of the statute.

These instructions proceeded probably on the hypothesis, that the sale was not complete, until there was a delivery of the whiskey at Columbiana, and the price there paid by the purchaser to the express company. A sale is defined by Mr. Benjamin, as "a transfer of the absolute or general property in a thing for a price in money." In *Falls v. Gaither*, 9 Port. 605, this court adopted the definition, or rather description of the contract as given by Ch. KENT: "A transfer of chattels from one person to another for a valuable consideration, and three things are requisite, viz: The thing sold, which is the object of the contract; the price, and the consent of the contracting parties." Upon all sales of specific goods in the possession of the vendor, the contract is complete when the buyer and seller agree; the property in the goods then passes to the buyer, and the risk of loss by accident, or from any other cause than the fault or negligence of the seller, is cast upon the buyer as an incident of ownership, though actual possession may not pass, and he may not be entitled to it until he pays the price, or performs some other like stipulation.—1 Parsons on Contracts (6th Ed.), 525. An illustration given in some of the books is, "if a man sells his horse for money, though he may keep him until he is paid, yet the property of the horse is in the bargainor or buyer." When buyer and seller are distant from each other, the delivery of the goods to a carrier by the seller, in accordance with the specific request of the purchaser, is a delivery to the purchaser.—1 Parsons on Contracts (6th Ed.), 532; Benjamin on Sales (3rd Am. Ed.), § 181. Applying these settled rules of the law of sales of personal property to the facts, the transaction can not be located at Columbiana. All the dealings between buyer and seller were at Calera. There the offer of the buyer was received, accepted and acted upon, and there every act was done, which it was intended the seller should do. The general property in the thing sold there passed to the buyer, by the delivery to the carrier of his own appointment, though he could not entitle himself to possession until he paid the price to the carrier. The carrier was his agent to receive the thing sold at Calera, and was the agent of the seller to receive the price. It would have been a neglect of duty, as a collecting agent, rendering the express company liable to the seller, if there had been a delivery of the whiskey without payment of the price; and if possession had been wrongfully obtained, it may be, the seller could have reclaimed it. The general property however passed to the buyer by the delivery to the express company at

Calera; the risk of loss then passed to him; though there may have remained in the seller a special property, and though the buyer could not, without payment ·of the price, entitle himself to the absolute property and to the actual possession. "In law," as is observed by Mr. Benjamin, "a thing may in some cases be said to have in a certain sense two owners, one of whom has the general, and the other a special property in it." Benjamin on Sales, § 1. And this occurs in sales of personal property, when the bargain is struck, and the payment of the price is intended to be simultaneous with the delivery of possession. The seller has a lien on the property for the price, and the right of possession until it is paid. A sale, which will be in violation of the statute under which the conviction was had, must, within the designated locality, pass the title; a sale made in a different locality, where the liquor is set apart and delivered to the purchaser, or to a carrier for him, passing title, is not within its words or spirit.—*Garbracht v. Commonwealth*, 96 Penn. St. 449; S. C. 42 Am. Rep. 550.

The instructions given the jury by the Circuit Court were erroneous. The instruction ought to have been, that the admitted facts did not show the guilt of the defendant. Let the judgment be reversed and the cause remanded. The appellant will remain in custody, until discharged by due course of law.