## United States *v.* Shriver.

*(District Court, S. D. Illinois.  1885.*

INTERNAL REVENUE—RETAIL LIQUOR DEALER'S LICENSE.

A party having paid special tax as retail liquor dealer at a particular town, who fills orders received by mail to ship liquors in retail quantities to another town, there to be delivered to the party so ordering upon payment of the price of the liquor, together with the express charges, is liable to the payment of special tax as retail liquor dealer at the place where such delivery is made.

Indictment for carrying on business of retail liquor dealer at Fairfield, Illinois, without payment of special tax.

*James A. Connolly*, Dist. Atty., for prosecution.

*Bluford Wilson* and *J. Bowman*, for defense.

TREAT, J.  The defendant is indicted for carrying on the business of a retail liquor dealer at Fairfield, Illinois, without having paid the special tax required by the laws of the United States. It appears that his residence and regular place of business were at Shawneetown, Illinois, where he carried on business as wholesale and retail liquor dealer, having paid his special tax as such; and so far as his business was carried on there, it appears to have been in strict accordance with the law. But it appears that he went to Fairfield, Illinois, to solicit trade, taking with him samples of his liquors which he exhibited to different persons there; took some orders, and while there made a contract with the agent of the express company at that place, whereby the agent was to act as his agent for receiving and distribut-

ing such liquors as he might ship there, and collect his bills for him, for which he was to pay the express agent 10 per cent. on all money so collected by him. He arranged with this Fairfield agent that parties ordering liquors from him at Shawneetown, who desired to save the return express charges, should have their liquor sent to them by express, in jugs, with no charges on the way-bill to be collected by the express company, except the mere charge for carrying, and in such cases the jugs were to have a shipping-tag attached to them, on which would appear the name of the consignee and the value of the liquor. All such jugs the Fairfield agent was to hold until the persons named on the tags called for them, when, upon paying the amount named on the tags and the express charges, the agent should deliver the jugs to such persons, or to any others who should come with orders from the persons named on the tags.

In other cases where the order directed the shipment to be made by express, "C. O. D.," the charges were to appear on the express way-bill, and be collected upon delivery of the liquor in the ordinary way of the business of the express company. Under this arrangement the defendant, during the summer and fall of 1884, made a large number of shipments of liquor in retail quantities from his store in Shawneetown to persons in Fairfield by express, some being sent "C. O. D.," others in jugs as above described. In deciding this case, it only seems to be necessary to consider the effect of the sales made by shipment from Shawneetown to Fairfield by express, "C. O. D.," to be delivered at Fairfield by the agent of the shipper to the consignee on payment of the price. It is clear that the express agent at Fairfield was also the actual agent of the defendant in receiving and delivering the liquor shipped to Fairfield, and in collecting the money for it; for the defendant employed him for that purpose, and agreed to pay him 10 per cent. on the money collected by him, without reference to whether the liquor was shipped "C. O. D.," or by tags attached to the jugs with the price and address marked thereon. Certainly, then, as to all the packages shipped "C. O. D.," the ownership and possession of the liquor remained in the defendant, after reaching the hands of his agent in Fairfield, just as completely as before it left his store in Shawneetown, and the sale did not take place until the defendant, by his agent, received the money at Fairfield and delivered the liquor there to the purchaser. This would be true, too, even if the Fairfield express agent had not been specially employed as the defendant's agent in the handling of this liquor; for, in the case of liquor shipped by the defendant to Fairfield by express, "C. O. D.," the liquor is received by the express company at Shawneetown as the agent of the seller, and not as the agent of the buyer, and on its reaching Fairfield it is there held by the company as the agent of the seller until the consignee comes and pays the money, and then the company, as the agent of the seller, delivers the liquor to the purchaser. In such cases the possession of the ex-

press company is the possession of the seller, and generally the right of property remains in the seller until the payment of the price.

An order from a person at Fairfield to the defendant at Shawneetown for two gallons of liquor, to be shipped to Fairfield "C. O. D.," is a mere offer, by the person sending such order, to purchase two gallons of liquor from the defendant, and pay him for it when he delivers it to him at Fairfield; and a shipment by the defendant according to such order is practically the same as if the defendant had himself taken two gallons of liquor from his store in Shawneetown, carried it in person to Fairfield, and there delivered it to the purchaser, and received the price of it. It would be different if the order from Fairfield to the defendant was a simple order to ship two gallons of liquor by express to the person ordering, whether such order was accompanied by the money or not. The moment the liquor, under such an order, was delivered to the express company at Shawneetown, it would become the property of the person ordering, and the possession of the express company at Shawneetown would be the possession of the purchaser,—the sale would be a sale at Shawneetown,—and if it were lost or destroyed in transit, the loss would fall upon the purchaser. But in the case at bar, by shipping the liquor to Fairfield "C. O. D.," the defendant made no sale at Shawneetown. The right of property remained in himself, and the right of possession, as well as the actual possession, remained in him through his agent. Had it been lost or destroyed in transit, the loss would have fallen upon himself. He simply acted upon the request of the purchaser, and sent the liquor to Fairfield by his own agent, and there effected a sale by receiving the money and delivering the liquor. In the case of *Pilgreen* v. *State*, 71 Ala. 368, cited by counsel for defense, the distinction between absolute and conditional sales seems to have been overlooked.

The defendant, not having paid the special tax as retail liquor dealer at Fairfield, is guilty as charged in the indictment.