Brechwald v. People of State of Illinois.

NICHOLAS BRECHWALD AND FREDERICK BRECHWALD

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

| 21 | 213 |
|----|-----|
| 78 | 457 |
| 21 | 213 |
| 88 | 82 |
| 21 | 213 |
| 99 | ²304 |
| 21 | 213 |
| f105 | 121 |

*Sales—Delivery to Common Carrier, a Delivery to Consignee—Sale of Liquor to Purchaser in another County—Conflict of Authority.*

1. As a general rule, a delivery to a common carrier is held to be a delivery to the consignee.

2. Where liquor is sent by express by a dealer in one county to a purchaser residing in another, the dealer can not be prosecuted in the latter county for illegally selling liquor therein.

3. Where the question at issue has not been passed upon by the Supreme Court, and the authorities are conflicting, this court will adopt such rule as seems most consistent with sound reason and principle.

[Opinion filed August 26, 1886.]

IN ERROR to the County Court of McDonough County; the Hon. J. H. BAKER, Judge, presiding.

Messrs. FOREST F. COOKE and W.B. BRADFORD, for plaintiffs in error.

Messrs. JAMES A. McKENZIE and H. C. AGNEW, for defendant in error.

" Delivery to a carrier is considered as a delivery to the consignee only when and as it is in agreement with the terms and intention of the shipment." Taylor v. Turner, 87 Ill. 296; Cayuga Co. Bank v. Daniels, 47 N. Y. 631.

If the plaintiffs in error intended to part with the title upon delivery of the goods to the carrier, why send them C. O. D. ? Why attach to the shipment a positive condition that the goods must not be delivered until paid for, and if not paid for that they must be held subject to the order of the consignor?

In a conditional sale the title does not pass until the condition is performed. Benjamin on Sales, Sec. 366; Conway v.

Bush, 4 N. Y. 564; Cayuga Co. Bank v. Daniels, 47 N. Y. 631; Wabash Elevator Co. v. Bank of Toledo, 23 Ohio St. 311; Hunt v. Eldridge, 5 Ill. App. 529; Russell v. Minor, 22 Wend. 659; Osborn v. Gantz, 60 N. Y. 540; Scudder v. Bradbury, 106 Mass. 422; Hill v. Freeman, 3 Cush. 257; State v. Comings, 28 Vt. 508.

Tested by these authorities a sale of goods shipped C. O. D. is not complete until payment is made.

The express company is the agent of the seller, and transacts the business for him.    State v. Comings, 28 Vt. 508; Commonwealth v. Greenfield, 121 Mass. 40; Reynolds v. B. & M. R. R. Co., 43 N. H. 580.

Sending goods C. O. D. by express is not different from sending goods by a private individual upon the same terms.

The exact question involved in this case has never been passed upon by the higher courts of this State; yet cases involving the same principle have recently been before the Supreme Court of Massachusetts, (Commonwealth v. Greenfield, 121 Mass. 40, and Commonwealth v. Eggleston, 128 Mass. 408,) and in each case the court held that the sale is made at the place where the liquor is delivered and paid for.

In People v. Shriever, Chicago Legal News, February 21, 1885, a case exactly parallel as to its facts with the case at bar, Judge Treat, United States District Court of Illinois, says: " In the case of liquor shipped by the defendant to Fairfield by express, C. O. D., the liquor is received by the express company at Shawneetown as the agent of the seller, and not as the agent of the buyer, and on its reaching Fairfield it is there held by the company as the agent of the seller, until the consignee comes and pays the money."

WALL, J. The plaintiffs in error are liquor dealers, doing business in Knox County. They received orders from Phillips, who was a resident of McDonough County, and on several occasions sent him intoxicating liquors in gallon packages by express, C. O. D. It was alleged that Phillips was a person in the habit of getting intoxicated, and that the sales so made to him were in violation of the Dramshop Act.

The prosecution was instituted in McDonough County and resulted in conviction. The important question presented is whether the sale was made in Knox or McDonough County.

When the terms of sale are agreed on and the bargain is struck and everything the seller has to do with the goods is complete, the contract of sale becomes absolute between the parties without actual payment or delivery, and the property and risk of accident to the goods rest in the buyer.

A delivery to a common carrier is generally deemed a delivery to the consignee. 2 Kent Comm. 492–496; Wade v. Moffett, 21 Ill. 110; Owens v. Weedman, 82 Ill. 409; Benjamin on Sales, Secs. 1, 181 and 315.

When the liquor was delivered to the carrier, nothing remained to be done by the seller—the sale was complete, he retaining merely a lien for the price. The property rested in the buyer, and while he could not obtain possession until he paid the price, his right was perfect to have the property when the price was paid. The vendor could not withdraw from the bargain, and though the value of the liquor might advance he could receive only the price fixed. If there was an accident the loss would fall upon the vendee. In a word, it was his property, subject only to the lien for the price. This view is taken by the Supreme Court of Alabama, in Pilgree v. The State, etc., 71 Ala. 368.

Counsel refer to a case in Vermont, and to rulings of U. S. Circuit Courts, some of which we have not been able to find, as holding the opposite. Where the rulings of courts are not harmonious, and the point has not been settled by our Supreme Court, we are at liberty to adopt such rule as to us seems most consistent with sound reason and principle.

In our opinion the sale in this instance was made in Knox County, and the prosecution was improperly instituted in McDonough.

The judgment will be reversed.

*Reversed.*