# Newman *v.* The State.

88   115
105   136

*Indictment for Selling Spirituous Liquor without License.*

1. *Sale of spirituous liquor by travelling agent of wholesale dealer.*—A travelling agent of a wholesale dealer, regularly licensed in the county in which his house is situated, can not be convicted of selling liquor without license in another county, on proof that he obtained from a purchaser an order for a gallon of whiskey at a specified price, and forwarded the same to his principal, who had power to fill or refuse it as he pleased, and who forwarded the liquor to the purchaser by express, payable on delivery.

FROM the County Court of Shelby.

Tried before the Hon. H. L. OLIVER, as special judge.

The indictment in this case charged that the defendant "sold vinous or spirituous liquors without a license, and contrary to law." On the evidence adduced on the trial, all of which is set out in the bill of exceptions, the defendant requested the court to instruct the jury that, if they believed the evidence, they must find him not guilty; and he excepted to the refusal of this charge, with others. The opinion states the facts.

[Moulton v. The State.]

W. B. BROWNE, for appellant, cited *Pilgreen v. State*, 71 Ala. 368; *Robinson & Ledyard v. Pogue & Son*, 86 Ala. 257; 42 Amer. Rep. 550; 56 Amer. Rep. 624.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—The facts, on which defendant was convicted of unlawfully selling intoxicating liquors, are: He was the travelling agent of J. C. Marks & Co., who were licensed wholesale liquor and tobacco merchants, doing business in Birmingham, Alabama. The scope of his agency was to take orders for liquor and tobacco, and send them to his principals, who filled or rejected them as they saw proper. He had no authority to bind them to ship any goods ordered. While in Columbiana, Shelby county, he took, as such agent, from B. L. Moore an order for a gallon of whiskey, at the price of two and a half dollars, to be shipped to him at Columbiana. The order was sent to J. C. Marks & Co., who, on its reception, delivered to the Southern Express Company, at Birmingham, a gallon of whiskey consigned to Moore at Columbiana, who was to pay the charges for transportation. Taking the order was not, of itself, a completed sale. It was an offer to buy, and did not become a consummated sale until accepted by J. C. Marks & Co. On the undisputed facts, there was no sale within Shelby county, whereby the title passed, which is essential to bring it within the prohibition of the statute. The sale was completed, and the title passed, when the whiskey was delivered to the Express Company at Birmingham. The defendant had nothing to do with the sale, after taking and forwarding the order. The case falls within the ruling in *Pilgreen v. State*, 71 Ala. 368.

Reversed and remanded.