# Brooks *et al.* v. The State.

*Indictment for Illegal Sale of Liquor.*

1. *Illegal sale of liquor; when sale completed.*—Where the owner of a grocery store situated within a prohibition district takes an order for a jug of whiskey, and has it filled outside the prohibition district, in a liquor store of which he is joint proprietor and it is sent to him, at his own expense, and he delivers the jug at his store within the district to the purchaser, who pays for it there upon delivery, the sale is completed within the prohibition district, though the whiskey is charged to the purchaser at the liquor store, and the owner of the grocery store within the prohibition district is guilty of violating the prohibition statute; and if the sale and order are made by a clerk in the store within the prohibition district, both the clerk and owner are amenable to the statute.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. N. D. DENSON.

The appellants, William Brooks and James Griffin, were indicted, tried and convicted for selling liquor without a license. The cause was tried by the court upon an agreed statement of facts, which was as follows: "James Griffin, at the time of the alleged offense, was proprietor of a family grocery store in LaFayette, Chambers county, Alabama, and said Griffin and one James were proprietors of a retail whiskey store in Opelika, Lee county, Alabama. That William Brooks was the clerk in the grocery store of said Griffin in LaFayette, which was his only employment. That said Brooks, with the knowledge and consent of said Griffin, took an order from one John Smith for a gallon of whiskey in said store in LaFayette to said Griffin & James; that said Brooks sent said order to Opelika and said Griffin & James drew from a barrel a gallon of whiskey and put the same in a gallon jug, which they sealed and tagged with John Smith's name on the tag, and sent the same by freight or express in a box with other similar orders from other persons in LaFayette, Alabama, addressed to said Brooks, in said grocery store in LaFayette, where said whiskey was delivered to said John Smith by said Brooks. That said Brooks paid the freight

or express on said packages, and the money, the price
of said whiskey, was received by said Brooks for said
Griffin & James by the knowledge and consent of said
Griffin. Said Brooks received no compensation from
said transaction, and when said Griffin & James drew
said liquor in Opelika they charged the same on their
books in Opelika to John Smith. That said James knew
when said orders were filled and shipped; that Brooks
was a clerk in said Griffin's grocery store in LaFayette,
and that James had no interest in said family grocery
in LaFayette. And it is agreed that LaFayette, Ala-
bama, is a place where the sale of whiskey is prohibited
by an act of the legislature approved Dec. 10, 1890,"
(Acts of 1890-91, p. 85).

Upon this agreed statement of facts the court adjudged
the defendants guilty as charged in the indictment, and
rendered judgment accordingly, from which judgment
they bring the present appeal.

ROBINSON & DUKE and DOWDELL & DUKE, for appel-
lants.—Under the facts of the case the contract of sale
was made and completed in Opelika. Brooks was the
agent of the buyer and was in no wise interested in the
sale, and received no compensation therefor. Griffin, the
other defendant, had no connection with the sale except
his knowledge of the fact, and his consent that Brooks
might act as the agent of the buyer.—*DuBois v. State*,
87 Ala. 101; *Pilgreen v. State*, 71 Ala. 368; *Newman v.
State*, 88 Ala. 115.

WM. C. FITTS, Attorney-General, for the State.—Brooks
was the agent of Griffin in the sale of the whiskey. Brooks
was the clerk of Griffin, and, with the knowledge and
consent of Griffin, took the orders and transmitted them
to Griffin & James in Opelika. It was clearly a sale
by Griffin, through his clerk Brooks, at LaFayette
within the prohibition district.—*Segars v. State*, 88 Ala.
144; *Marcus v. State*, 89 Ala. 23.

HARALSON, J.—If Brooks, the clerk, is guilty, so,
under the facts, is Griffin, and *vice versa*; and whatever
James, the partner of Griffin at Opelika, did in this
matter, is the same as if done there, by Griffin in per-
son. The act of Griffin & James, in selling the whiskey,

was the act of Griffin.—*Sellers v. The State*, 99 Ala. 75; *Perkins v. The State*, 92 Ala. 66; *Segars v. The State*, 88 Ala. 146.

The principle upon which the guilt or innocence of the parties is to be detemined is, whether the sale was made, so as to pass the title to the whiskey, at LaFayette—within the prohibited district—or at Opelika—outside the district. A sale made outside of the prohibited locality, where the liquor is set apart and delivered to the purchaser, or to a carrier for him, passing title, is not within the words or spirit of the statute, as was held in *Pilgreen v. The State*, 71 Ala. 368. And, as was held in that case, the contract for sale is complete only when the buyer and seller agree; "the property in the goods then passes from the vendor to the vendee, and the risk of loss by accident, or from any other cause than from the fault or negligence of the seller, is cast on the buyer as an incident of ownership, though actual possession may not pass, and he may not be entitled to it, until he pay the price or perform some other stipulation."—Parsons on Contr., 525; *Brown & Co. v. Adair*, 104 Ala. 652.

When, then, under the facts of this case, did the seller and the buyer agree? When did the title to the whiskey pass from the sellers, Griffin & James, to the purchaser, John Smith?

Now, the facts disclosed are, that Brooks, with the knowledge and consent of Griffin, took an order from one John Smith in the store of Griffin in LaFayette, for a gallon of whiskey, directed to Griffin & James—who in legal contemplation were Griffin—and sent the order to said Griffin & James in Opelika, where James drew the whiskey, put it in a gallon jug, tagged it with John Smith's name, and put it in a box with other jugs sold on similar orders from other persons in LaFayette, and sent it by express to Brooks at grocery store of Griffin in LaFayette, who received it and paid the transportation charges on the box and delivered the jug, tagged for John Smith to him, who paid Brooks the price of the whiskey, for Griffin & James; and all this was done with the knowledge and consent of said Griffin at LaFayette.

On the legal hypothesis, which must be indulged, that Brooks and Griffin are one, and that Griffin & James and Griffin are one, as to this transaction, the case,

stripped of its delusive circumstances, may be stated in this wise :   Smith orders from Griffin, doing business at LaFayette, a jug of whiskey; Griffin sends to his own store in Opelika and has it sent to him at LaFayette, at his own cost, and delivers it there to Smith, who pays him the money for it.   This is a clear case of a sale at LaFayette.   The contract of bargain and sale was not completed, until the delivery to Smith.   If the article sold had been destroyed before delivery to Smith, he would not have been liable for it.

The profit from the sale accrued to Griffin.   The fact that the whiskey was charged to Smith by Griffin & James, does not relieve the transaction from illegality. That is easily reconcilable as being a mere memorandum, or as a part of a device to circumvent the law.   Smith, certain, did not direct it to be so charged.   The whole transaction wears the appearance of a shallow effort to do away with the statute prohibiting the sale of liquor within five miles of LaFayette College.   (Acts 1890-91, p. 85.)   If it were allowed to pass as lawful, Griffin would have, and carry on, a liquor store in LaFayette, despite the statute prohibiting it.

This case is clearly distinguishable from the cases of *DuBois v. The State*, 87 Ala. 101, and *Newman v. The State*, 88 Ala. 115.

The judgment of the court below is affirmed.



