## Village of Coffeen v. William Huber.

1. APPELLATE COURT PRACTICE.—*Findings of the Trial Court, When Conclusive.*—In cases where the evidence is conflicting on questions of fact, the findings of the court sitting as a jury are conclusive upon the Appellate Court, where there is ample evidence tending to support the findings.

2. SALES—*Of Beer, Where Made.*—Where an agent of a brewing company at Belleville had a beer depot in the village of Coffeen, in connection with his agency, and took orders for kegs of beer which he sent to the company, and to which the company affixed tags with the names of the persons ordering it, and shipped it to them through its agent at Coffeen, *it was held* that the sale of the beer was made at Belleville and not at Coffeen.

Debt, for the violation of an ordinance. Trial in the Circuit Court of Montgomery County; the Hon. TRUMAN E. AMES, Judge, presiding. Finding and judgment for defendant. Appeal by plaintiff. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

LANE & COOPER, attorneys for appellant.

HOWETT & JETT and TURNER & HOLDER, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of debt, brought by the appellant against the appellee in the Circuit Court of Montgomery County, where a trial was had before the court without a jury, and the finding and judgment were for the appellee. The appellant brings the case to this court by appeal and insists the Circuit Court erred, (1) in finding for the appellee, as the evidence showed the appellee had violated the ordinance in question; and (2) in refusing the three propositions of law requested by the appellant.

The declaration charged that the appellee had violated an ordinance of the village of Coffeen by selling beer in the corporate limits thereof several times, and sought to recover therefor the fine prescribed by the ordinance for such offense. The appellee, by appropriate plea, denied selling beer as charged and issue was joined on this plea.

The evidence in this record on many points was conflicting; the appellant insisting that the evidence shows that the appellee did sell kegs of beer in the corporate limits of the village of Coffeen, as charged, and in violation of the ordinance in question, while the appellee insisted that while the evidence shows that certain customers of the Star Brewing Co., of Belleville, St. Clair county, Illinois, living in Coffeen

and vicinity, received kegs of beer from said brewing company through the appellee as its agent, yet in every such case the sale of the beer was made at Belleville and not at Coffeen. In cases where the evidence is conflicting on questions of fact, the findings of the court sitting as a jury are conclusive upon the Appellate Court, when there is ample evidence tending to support the findings. In this case we are unable to say that the conclusion reached by the trial judge on the questions of fact are erroneous, since the evidence tended strongly to show that all the beer sold to customers of the Star Brewing Company at Coffeen and vicinity was ordered directly by such customers through the appellee as its agent, and was tagged and shipped to them by the brewing company at Belleville, making the sale complete there when the beer was delivered to the railroad there for such customers. Brechwald et al. v. The People, etc., 21 Ill. App. 213.

The rulings of the Circuit Court on the propositions of law were in accordance with the findings of fact, and therefore not erroneous, since the findings of fact are supported by the evidence.

The judgment of the Circuit Court is affirmed.