## Patrick R. Clancey v. The People of the State of Illinois.

99    303
f99    306

99    303
f105    121

1.  INTOXICATING LIQUORS—*What is a Sale of, Within a Given County.* —Where an order is taken for intoxicating liquor in one county and sent to a wholesale dealer in another, the delivery by the wholesale dealer to the common carrier consummates the sale in the county where the order is accepted by such dealer at the point of shipment.

**Indictment for Illegal Sales of Intoxicating Liquors.**—Error to the County Court of Douglas County; the Hon. WILLIAM H. BASSETT, Judge, presiding.    Heard in this court at the May term, 1901.    Reversed and remanded.    Mr. Justice WRIGHT dissenting.    Opinion filed December 10, 1901.

ECKHART & MOORE and N. C. LYRLA, attorneys for plaintiff in error.

JOHN H. CHADWICK, State's Attorney, and ROY F. HALL, attorneys for defendant in error.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

The plaintiff in error was indicted and convicted upon a charge of selling intoxicating liquor in less quantities than one gallon, in Douglas county, in violation of the first section of the dram-shop act.

The evidence shows that for some months prior to his indictment, the plaintiff in error was engaged in traveling and soliciting orders for the sale of intoxicating liquors for one Thomas Coffey, a liquor dealer, whose place of business was in Champaign, Illinois.    His method of doing business was to solicit orders from divers persons and when given, send or deliver them to his principal at Champaign, who in turn would fill the orders and ship the liquor, by freight or express, to parties ordering.    In that way several

packages of liquor were sold and delivered to parties resid-
ing in Tuscola, Douglas county, Illinois.   In some instances
the sales were made upon credit; and collections were
subsequently made by the plaintiff in error when he again
visited Tuscola.   In other cases a bill of lading was attached
to a sight draft and sent to the First National Bank of Tus-
cola, to be taken up and paid before the purchaser could
get the goods.

It does not appear that the plaintiff in error acted other-
wise than as the traveling salesman and agent of Coffey.
In every sale testified to, the consignment was made by
Coffey directly to and in the name of the purchaser as con-
signee at Tuscola.   Every consignment was made by him
at Champaign, and the purchaser paid the express or
freight charges.   We are unable, therefore, to see any room
for serious contention that the sales were consummated in
Douglas county.

To constitute a sale of personal property, especially under
a penal statute, delivery is essential.   Orders for goods may
be received, but until they are transferred or set apart to the
purchaser the sale is incomplete.   It is a familiar rule that
the delivery of goods by the vendor to a common carrier is
generally deemed a delivery to the consignee.   An applica-
tion of that rule makes every sale of liquor disclosed by this
record, a sale in Champaign county.   We are constrained to
hold, therefore, that where an order is taken for intoxicating
liquor in one county and sent to a wholesale dealer in
another, the delivery by the wholesale dealer to the com-
mon carrier consummates the sale in the county where the
order was accepted by the dealer at the point of shipment.
We are supported in such holding by the following author-
ities :   Finch v. Mansfield, 97 Mass. 89; Garbracht v. Com-
monwealth, 96 Penn. St. 449; Brechwald et al. v. The People,
etc., 21 Ill. App. 213; Village of Coffeen v. Huber, 78 Ill.
App. 456.   In Brechwald et al. v. The People, etc., the dealers
resided in Knox county, received orders for liquor at various
times from one Phillips, a resident of McDonough county,
then filled the orders and sent the packages C. O. D. to

Phillips. They were prosecuted and convicted of unlawful sales in McDonough county but this court reversed the judgment, holding that the sales were in Knox county.

We are unable to see any difference, in principle, between the sales made on a credit and those where the purchasers were required to pay a sight draft before getting the goods. In either case the sale was consummated in Champaign county and a conviction could not be had legally in Douglas county. Reversed and remanded.

Mr. Justice WRIGHT dissents.