## William A. Jones v. The People.

99    305
f105    121

1.  INTOXICATING LIQUORS—*What is a Sale Within a Given County.* —Where an order for intoxicating liquor is taken in one county and sent to a wholesale dealer in another, the delivery by the wholesale dealer to the carrier consummates the sale in the county where the order is accepted by such dealer at the point of shipment.

Indictment for illegal sales of intoxicating liquors.   Error to the County Court of Douglas County; the Hon. WILLIAM H. BASSETT, Judge, presiding.   Heard in this court at the May term, 1901.   Reversed and remanded.   Mr. Justice WRIGHT dissenting.   Opinion filed December 10, 1901.

ECKHART & MOORE, J. M. NEWMAN and N. C. LYRLA, attorneys for plaintiff in error.

JOHN H. CHADWICK, State's Attorney, for defendant in error; THOMAS D. MINTURN, of counsel.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

The plaintiff in error was convicted in the County Court of Douglas County upon an indictment charging him with selling intoxicating liquor in that county in violation of the first section of the dram-shop act.

The evidence shows that for some months prior to the

finding of the indictment the plaintiff in error acted as the soliciting and collecting agent at Tuscola, Douglas county, for one P. J. Breen, a wholesale and retail liquor dealer at Metcalf, Edgar county, Illinois. He received orders from time to time from various residents of Tuscola and forwarded them to Breen. The orders were filled by Breen and the packages of liquor so ordered were delivered by him to the agent of the American Express Company at Metcalf, for shipment to Tuscola, and the goods were shipped by that company, and its agent at Tuscola delivered to the persons ordering. At the time of receiving the packages from Breen the company issued to him a receipt, each one of which contained the number of the package and the name of the person ordering as consignee. The packages were designated by numbers only, which numbers corresponded with the numbers contained in the express receipts. The receipts were by Breen sent to the plaintiff in error, who collected the amount due from the persons who had ordered the liquors and then delivered to them the receipts. Upon receiving the express receipts the persons ordering presented them to the company's agent at Tuscola, paid the express charges and received the goods.

It does not appear that the plaintiff in error, in a single instance, delivered liquor to the person ordering. In its legal aspect the case is like that of Clancey v. The People, etc., decided at this term (*ante* page 303), and the judgment must be reversed for the reasons set forth in the opinion in that case delivered. The sales were consummated only when Breen delivered the goods to the express company at Metcalf, to be shipped to the persons ordering them. Although the orders were given in Douglas county, they were accepted and filled in Edgar county. A delivery of goods by the seller to the common carrier is delivery to the consignee. The fact that packages or some of them were designated by numbers and not by the names of the consignees constitutes no exception to the general rule. The express receipt in every instance named the consignee and fully set forth the undertaking of the express company. Had the

goods been lost the company would have been responsible to the consignee.

The sale was consummated in Edgar county and for that reason a conviction in Douglas county was wrong.

Judgment reversed and cause remanded.

Mr. Justice WRIGHT dissents.