Munsell v. City of Carthage.

---

## Robert Munsell v. The City of Carthage.

105 119
f105 123
105 119
a203s 474

1. INTOXICATING LIQUORS—*Ownership When Sent C. O. D. by Express.* —When liquor is delivered by the seller to the carrier nothing remains to be done by the seller; the sale is complete; he retains merely a lien for the price. The property rests in the buyer, although he can not obtain possession until he pays the price.

2. SALES—*Delivery of Goods to Carrier Vests Title in Vendee.*—As a general rule, where the terms of sale have been agreed upon, the delivery of goods to a common carrier to be conveyed to the vendee is equivalent to a delivery to the vendee, and vests the title in him.

3. ORDINANCES—*Declaring That a Nuisance Which is Not a Nuisance.* —An ordinance which declares that a nuisance which is not a nuisance is unreasonable and void.

Debt, for violation of an ordinance. Appeal from the Circuit Court of Hancock County; the Hon. JOHN J. GLENN, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded. Mr. Presiding Justice WRIGHT, dissenting. Opinion filed November 1, 1902.

WILLIAM H. HARTZELL, attorney for appellant.

ALVA A. KELLEY, city attorney, for appellee; A. W. O'HARRA, and BERRY, McCRORY & KELLEY, of counsel.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellant, as agent of Adams Express Company at Carthage, Illinois, received packages of intoxicating liquor which had been ordered by divers residents of that place from A. Hubner & Co., wholesale liquor dealers at Burlington, Iowa. The packages contained less than five gallons and were delivered to the express company at Burlington by Hubner & Co., C. O. D., in accordance with contracts theretofore made between the consignees and the traveling salesman of Hubner & Co. Appellant was in no wise interested in the liquor or the profits of sale, and all that he did was to receive the packages, deliver them to the consignees, collect the C. O. D. charges and remit to Burlington. He was convicted and fined under an ordinance of the city of Carthage, which declares that it is unlawful and a nuisance for an express company or other common carrier, or its agents, to deliver to any consignee within the city intoxicating liquors in less quantity than five gallons, in all cases where the collection of the purchase price or any part thereof for remittance to the consignor is made a condition precedent to or contemporaneous with the delivery. The ordinance declares that such delivery shall be deemed a sale of intoxicating liquors within the meaning of the ordinance forbidding the sale of liquors within the city limits and

shall subject an express company or its agent so delivering to a fine of not less than $20 nor more than $100 for each offense.

The question presented by this appeal is not a new one to this court. In Breckwald v. The People, 21 Ill. App. 213, a case wherein intoxicating liquors were shipped from one county to another C. O. D., and the question for decision was whether the sale was consummated in the county from whence the goods were consigned or in the one to which they were consigned, Justice Wall, speaking for the court, said :

" When the liquor was delivered to the carrier, nothing remained to be done by the seller; the sale was complete; he retained merely a lien for the price. The property rested in the buyer, and while he could not obtain possession until he paid the price, his right was perfect to have the property when the price was paid. The vendor could not withdraw from the bargain, and though the value of the liquor might advance, he could receive only the price fixed. If there was an accident, the loss would fall on the vendee; In a word, it was his property, subject only to the lien for the price."

We have approved the doctrine therein announced in the Village of Coffeen v. Huber, 78 Ill. App. 456; in Clancey v. The People, 99 Ill. App. 303; and in Jones v. The People, 99 Ill. App. 305.

As a general rule, where the terms of sale have been agreed upon, the delivery of goods to a common carrier to be conveyed to the vendee is equivalent to a delivery to the vendee and vests the title in him. Benjamin on Sales, Sec. 362; Pike v. Baker, 53 Ill. 166; Ward v. Taylor, 56 Ill. 495; Ellis et al. v. Roche et al., 73 Ill. 281; Krulder v. Ellison, 47 N. Y. 36; Foster v. Rockwell, 104 Mass. 167; Odell v. B. & M. R. R., 109 Mass. 50. We are unable to see why the mere fact of the consignor's shipping the goods C. O. D. should constitute an exception to the general rule. In some jurisdictions there is a disposition to make a sale of liquor C. O. D. an executory contract, and so it has been held for the purpose of determining whether the seller has violated the liquor laws in force where the buyer

lives, that a sale C. O. D. is not complete until delivery, acceptance and payment of the price by the person ordering the liquors. But the weight of authority is against that view, and it is generally held that where intoxicating liquors were ordered to be shipped C. O. D. the sale is complete when the liquor is delivered to the common carrier. State v. Moffit, 73 Me. 278; Commonwealth v. Fleming, 5 L. R. A. (Supreme Court of Pennsylvania) 470; Pilgreen v. State, 71 Ala. 368; State v. Carl & Tobey, 43 Ark. 353; Crook v. Cowan, 64 N. C. 743; State v. Flanagan, 38 W. Va. 53.

Holding as we do, then, that the sales of liquor were complete at Burlington, Ia., and that title passed to the respective purchasers when delivered to the express company, appellant became the bailee of the purchasers when the packages reached him at Carthage and could not be convicted of unlawful selling. The city council of Carthage has no power to make that a sale which in fact is not a sale. Neither has it authority to declare that a nuisance which is not one in fact. An ordinance which so declares is unreasonable and invalid. Dillon on Mun. Corporations, 374; Town of Lake View v. Letz, 44 Ill. 31; North Chicago Ry. Co. v. Town of Lake View, 105 Ill. 207; Village of Des Plaines v. Poyer, 123 Ill. 348; Yates v. Milwaukee, 10 Wallace, 505.

What we have said in reference to sales and shipments made by Hubner & Co. from Burlington, Ia., applies to sales made at Covington, Ky., and shipments made from there. The acts of appellant were identical in each case. The propositions of law held by the court in behalf of appellee were erroneous and appellant was unlawfully convicted. The judgment will be reversed, but the cause will not be remanded.

Mr. Presiding Justice WRIGHT dissents.