## GREENBROS, Inc., v. CONNER.
### No. 5088.

District Court, S. D. Ohio, W. D.

May 25, 1938.

Nathan Solinger and Jack B. Josselson, both of Cincinnati, Ohio, for plaintiff.

Frederic W. Johnson, Asst. U. S. Atty., of Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

Plaintiff, an Ohio corporation, engaged in the business of rectifying and selling alcoholic cordials and liquors, 2001 Gilbert Avenue, Cincinnati, Ohio, at which location it paid special wholesale and retail liquor dealer's tax for the year beginning July 1, 1935 and ending June 30, 1936, brings this action against defendant for refund of special liquor dealer's tax levied against plaintiff by virtue of Title 26, Section 1409, U.S.C.A., at the Cincinnati Terminal Warehouse, 49 Central Avenue, Cincinnati, Ohio. Said section provides:

"*Liability in case of business in more than one location.* The payment of the special tax imposed shall not exempt from an additional special tax the person carrying on a trade or business in any other place than that stated in the collector's register; but nothing herein contained shall require a special tax for the storage of goods, wares, or merchandise in other places than the place of business * * * ."

The Cincinnati Terminal Warehouse was one of the five regularly designated warehouses used by the Ohio Liquor Control Department for the storage and distribution of liquor under its state monopoly system, and plaintiff was one of many distillers who had entered into agreement with the Liquor Control Department to sell its products; said agreement between the plaintiff and the State Department providing as follows:

"With reference to bailment stock, wish to advise that the Purchasing Agent of the Department of Liquor Control will issue to you a consent to ship your merchandise into the five warehouses, giving you the number of cases to be placed in bailment in each warehouse.

"This merchandise is shipped in your name and is your property until withdrawn by the department of Liquor Control. The Department pays no warehouse or storage charges on any merchandise in bailment stock. When the Department withdraws the merchandise from your bailment stock,

the warehouse issues a receiving report to the Department, copy to the distiller, giving the number of cases and kind of merchandise withdrawn.

"At the end of each week the Purchasing Department issues a purchase order to the distiller for all stock so withdrawn showing receiving report and the number of cases * * *

"The responsibility for maintaining adequate warehouse inventories is that of the distiller * * *."

Plaintiff contends that its sole place of business was 2001 Gilbert Avenue, and that its arrangement with the Ohio Liquor Control Department at the Cincinnati Terminal Warehouse did not constitute carrying on a trade or business there and it is not liable for the special liquor dealer's tax at the Terminal Warehouse.

From the evidence it appeared that plaintiff did within the taxable period consign to itself at Cincinnati Terminal Warehouse certain of its liquors; that from time to time the Department did withdraw from plaintiff's stock and did issue purchase orders to cover withdrawals; that shortly after June 30, 1936, plaintiff terminated the arrangement with the State Department and removed the balance of its stock of merchandise from the Terminal Warehouse.

The parties having waived a jury, the question for decision by the court is, whether plaintiff was carrying on a trade or business at the Cincinnati Terminal Warehouse, 49 Central Avenue, under the circumstances as shown by the evidence?

Plaintiff strongly relies on the case of De Bary v. Souer, 5 Cir., 101 F. 425. In the De Bary v. Souer Case, the orders for liquors were sent by the customers to the plaintiff in New York, and there approved before the warehouseman in New Orleans received authority to deliver the goods to the purchaser. The court held it to be a sale in New York and the plaintiff not subject to a tax for doing business at the warehouse in New Orleans.

The gist of the opinion in the De Bary Case being, that the business is carried on where the sales are made. In view of plaintiff's leading authority then, it necessarily and definitely follows that where plaintiff sells its liquors it there does business! But plaintiff contends its sales were made at 2001 Gilbert Avenue.

A brief analysis of the evidence and the law defining a sale should disprove plaintiff's contention.

"This merchandise is shipped in your name and is your property until withdrawn by the Department of Liquor Control. * * *" (Ex. A-1.)

"A sale of goods is an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price." Section 8381(2), General Code of Ohio.

The merchandise being plaintiff's until withdrawn, it appears to the court beyond question that a sale automatically took place at the Terminal Warehouse each time the Department withdrew liquor from plaintiff's stock and confirmed it by purchase order.

A decisive case cited by defendant is that of De Bary v. Dunne, Collector, C.C., 172 F. 940. In that case De Bary consigned to himself at the McCracken Warehouse, Portland, Oregon, certain imported liquors, together with a list of persons and firms in Portland and vicinity, with instructions to deliver liquors upon order from stock, not exceeding a certain number of cases each month. The court held the sales were made in Portland and the seller subject to the tax there. Also in point and to the same effect, U. S. v. Cline, D.C., 26 F. 515; U. S. v. Shriver, D.C., 23 F. 134.

Plaintiff also cites In re Monongahela Distillery Co., D.C., 186 F. 220, which examination discloses is not in point, and also Bluebell Importing Corp. v. Myers, Secretary of State, and Bluebell Importing Corp. v. Davis et al., Tax Commission, decided by Franklin County Common Pleas Court in favor of the plaintiff taxpayer. These later cases were decided on the basis of an agreed stipulation of facts. Whether in point on facts with the instant case is not definite. However, the Bluebell decisions are not impressive in view of the clearcut decision in the De Bary case, 172 F. 940, which is precisely in point on the facts and law.

A consideration of the foregoing should be sufficient to satisfy plaintiff that it has failed to prove its case, but, if not, a fair analysis of the following condensed facts should make it appear absolute: Plaintiff sought to sell its liquors in Ohio; the Liquor Control Department was agreeable if plaintiff complied with its regulations and in conformity therewith plaintiff did con-

sign to itself at the Terminal Warehouse certain of its liquors, as to which the Department said in effect, if we want to buy we will withdraw from your stock, confirm by purchase order and pay in two weeks, which the evidence shows was done many times. All of which in the opinion of the court conclusively shows that plaintiff did carry on business at the Terminal Warehouse, or it would never have had an opportunity to sell its liquors to the Liquor Department as was done.

Judgment for defendant at costs of plaintiff.