Baker v. Bourcicault.

PETER C. BAKER AND DANIEL GODWIN v. DION BOURCICAULT.

It is a general principle that when goods are ordered to be sent by a carrier, a delivery to the carrier operates as a delivery to the purchaser, in whom the title immediately vests, subject to the vendor's right of stoppage in transitu ; and the goods, in the course of transit, are at the risk of the purchaser.

But where it is apparent, from the circumstances under which the delivery was made, that the vendor did not trust to the ability or readiness of the purchaser to perform his contract, and intended to insist upon strict prepayment as a condition of delivery by the carrier—*Held*, that such delivery by the vendor to the carrier, is not within the general rule, and does not operate to pass title.

The defendant ordered certain goods of the plaintiffs, and left it at their option whether he should send the amount of their bill by return of post, or whether it should be collected by the express company, on delivery. The plaintiffs sent the goods, by express company, with directions *to collect upon delivery*. The vessel by which the goods were shipped was lost at sea—*Held*, 1. That payment and delivery were intended to be simultaneous acts, and until such payment and delivery, the title remained in the vendor, the contract being merely executory.

2. That, consequently, the goods were, while in the course of transit, at the risk of the vendor; and, being lost, no action would lie against the vendee for the contract price.

3 It makes no difference that the goods were sent by a particular carrier named by the vendee. By such delivery and instructions to the carrier, the vendor made him his own agent.

Baker v. Bourcicault.

APPEAL by defendant from a judgment of the Marine Court at General Term.

The defendant, who was the proprietor of the Gaiety Theatre, at New Orleans, wrote to the plaintiffs from Louisville, Ky., ordering them to print, frame, and glaze a certain number of cards, and directed that they should be dispatched by the earliest express to him at New Orleans, adding, "I will either send you back the amount by return of post, or the express may collect the same for you, at your option;" the defendant to be advised of the departure of the cards by letter.

The plaintiffs delivered the cards to Adams Express Company, with a bill, and directions to collect the bill on delivery. The direction on the goods was, "Dion Bourcicault, Gaiety Theatre, New Orleans, La.—C. O. D." The goods were sent by the steamer Crescent City, Dec. 3, 1855; the steamer was lost at sea; the defendant never received the cards.

The plaintiffs testified on the trial that they complied with the direction of the order by writing to the defendant; enclosing their bill.

Defendant testified that he never received such letter or bill. Defendant's counsel asked the Court to decide that the plaintiffs were not entitled to recover—1st. Because they had not, in point of time, complied with the direction of the order, but had taken too much time in the execution of the order. 2d. Because the goods, at the time of their loss on the Crescent City, were at the risk of plaintiffs—were their property, and had never been delivered to the defendant, so as to place them at his risk, and the goods delivered, having been lost before such a delivery to the defendant, and whilst they were at the risk of and the property of the plaintiffs, the loss was the plaintiffs', and they were not entitled to recover anything on account thereof from the defendant.

The Court refused so to decide, but rendered judgment for the plaintiffs for $172.89, to which decision the defendant excepted.

*Henry A. Cram* for appellant.

I. The delivery to the Express Company of the goods, and a bill with directions not to deliver to the defendant until payment of the bill, did not pass the title, but the goods remained the

Baker v. Bourcicault.

property of and at the risk of the plaintiffs; the Express Company were the agents of the plaintiffs, and not of the defendant. In *People* v. *Haynes* (14 Wend. 546), the carrier had been designated by the purchaser, and there was no appointment of the carrier, the agent of the seller, or direction to the carrier not to deliver until the bill was paid; *and the purchaser was personally present, and received and accepted the goods.* These are vital distinctions, and in that case, the Chancellor laid down the position that the seller, having the right of stoppage *in transitu,* could have reinvested themselves with the title to the goods by a notice to the carrier; it follows, plainly, that the notice given in this case, at the time of delivery, to the carrier would have a similar effect. See *Newcomb* v. *Cramer,* 9 Barb. 402; and *Jones* v. *Bradner,* 10 Barb. 193; Story on Sales, § 223 to § 238, §§ 302, 305, and § 315.

II. Independent of the last point, the title would not pass until a bill was sent by letter to the defendant, that being one of the express conditions of the order.

*Benjamin Vaughan Abbott* (Abbott Brothers) for respondents.

I. The action is not for goods sold and delivered, but for labor and materials furnished. The plaintiffs were employed to perform the labor of printing the cards, they furnishing the requisite materials,—of packing them,—and of putting them on board the Express. On proof that these services were fully performed, they were entitled to recover *as for labor and materials. Sewall* v. *Fitch,* 8 Cow. 215; *Robertson* v. *Vaughn,* 5 Sandf. 1; and see *Bronson* v. *Wiman,* 10 Barb. 406, aff'd 4 Seld. 182; *Crookshank* v. *Burrell,* 18 Johns. 58. And although in such case, if there is a tender of the goods to the defendant in person, and a refusal to receive, the plaintiff must, perhaps, declare on the refusal to accept; yet if the defendant has directed the goods to be sent to him by a carrier, delivery to the carrier is sufficient to satisfy the contract, and so charge defendant. *Downer* v. *Thompson,* 2 Hill, 137; *Hague* v. *Porter,* 3 Hill, 141.

II. Even regarding the contract as one for the *sale of goods,* still they were at defendant's risk after delivery to the

Baker v. Bourcicault.

Express. The rule is well settled, that where goods sold are to be forwarded by a carrier, delivery to the carrier is equivalent to a delivery to the purchaser; and the property, *with the correspondent risk*, immediately vests in the purchaser, subject to the vendor's right of stoppage in transit. *People* v. *Haynes*, 14 Wend. 546; *Dutton* v. *Solomonson*, 3 Bos. & P. 582; *Vale* v. *Bayle*, Cowp. 294; *Cooke* v. *Ludlow*, 5 Bos. & P., 119; *Richardson* v. *Dunn*, 1 Gale & D. 417; *Studdy* v. *Saunders*, 5 Barn. & Cress. 628, S. C. 8 Dowl. & R. 403; *Tarling* v. *Bagster*, 6 Barn. & C. 360; S. C. 8 Dowl. & R. 282; *King* v. *Meredith*, 2 Campb. 639; *Benedict* v. *Field*, 16 N. Y. 599; 1 Parsons on Contr. 445; 2 Kent's Comm. 645.

III. The cases cited by defendant, *Van Nest* v. *Conover*, 8 Barb. 509; *Newcomb* v. *Cramer*, 9 Id. 402; *Jones* v. *Bradner*, 10 Id. 193;—as showing that the property does not pass by delivery to a carrier, are neither of them in point. They are cases in which the vendor's right of lien or stoppage was asserted and sustained, notwithstanding the delivery to the carrier; not cases in which the property was held at vendor's risk while in transit.

By THE COURT.—DALY, F. J.—The defendant informed the plaintiffs that he would send back the amount of their bill by return of post, or the Express Company might collect it, at their option. The plaintiffs sent the box containing the cards to the Express Company, with directions to collect the bill on delivery. It is to be implied from such a direction that no credit had been given, and that the goods were to be paid for on delivery. The direction was understood by the Express Company as an instruction to them not to deliver the goods unless the bill was paid. The agent of the Express Company, who received the box and gave a receipt for it, testified that when they receive goods in that way, they do not deliver them unless the bill is paid. The receipt was for a box and a bill, and had written upon it, in the handwriting of the witness, the initials C. O. D., the meaning of which, he testified, was, "collect on delivery."

When goods are sent in this way, to be paid for in cash, payment and delivery are simultaneous acts, and though the property be delivered, no title passes, unless it is apparent from the circumstances under which the delivery was made, that

Baker v. Bourcicault.

the vendor meant to trust to the ability and readiness of the vendee to perform his agreement, and did not intend to insist upon strict payment as a condition precedent to the passing of the title. Unless immediate payment is thus waived, the vendor may, by an action for a wrongful detention, reclaim the property, as his title in it is not divested until payment.

This rule, the soundness of which has been questioned per Story, J. in *Connyer* v. *Ennis*, 2 Mason, 236, is now settled to be the law in this State, (*Russell* v. *Minor*, 22 Wend. 659; *Lupin* v. *Marie*, 6 id. 77; *Chapman* v. *Lathrop*, 6 Cow. 115; *Keeler* v. *Field*, 1 Paige, 312; *Haggerty* v. *Palmer*, 6 John. C. R. 437; *Palmer* v. *Hand*, 13 Johns. R. 434) and it is decisive upon the question arising in this case.

There is nothing to show that the plaintiffs intended to waive payment as a condition precedent to the transfer of the title in the goods to the defendant, but on the contrary, the circumstances of the case, I think, repel such a presumption. The defendant left it at their option whether he should send back the amount of their bill by return of post, or whether it should be collected by the Express Company. They chose the latter, and directed the Express Company to collect it *upon delivery*. This was certainly not indicating any intention to trust to the ability and readiness of the defendant—but if any thing is inferrable from it, it is the contrary. The Express Company understood it as a direction to them not to deliver unless the cash was paid; and had the goods reached New Orleans, they would have kept them as the property of the plaintiffs. The Express Company would have had no authority to deliver the goods relying upon the ability of the defendant, and waiving payment—or, if they had delivered the box to him, to enable him to examine the contents, to see if his order had been properly executed, they, or certainly the plaintiffs, could have reclaimed it, if the defendant had failed to pay the bill when it was demanded. In *Goodall* v. *Skilton*, (2 II. Bl. 316), the plaintiff agreed to sell a quantity of wool to the defendant. Earnest was paid, rendering the contract valid under the statute of frauds. The wool was packed in the defendant's sacks and left upon the plaintiff's premises, the defendant agreeing to send his wagon for it in a few days. The defendant did not take the wool, and the plaintiff brought an

### Baker v. Bourcicault.

action for goods sold and delivered; but as it appeared that the plaintiff had told the defendant's servant, while he was engaged in weighing and packing the wool, upon the latter's proposing to fix the time when the wagon should come, that the wool should not go off his premises until he had the money for it, the Court held that the action would not lie, the plaintiff having retained his right over the wool, and there being no right to it in the defendant. The numerous cases cited by the respondent, (*People* v. *Haynes*, 14 Wend. 546; *Dutton* v. *Solomonson*, 3 Bos. & Pul. 582; *Cooke* v. *Ludlow*, 5 id. 119; *Hale* v. *Bayle*, Cowp. 294; *Studdy* v. *Saunders*, 5 B. & C. 628; *Tarling* v. *Baxter*, 6 id. 360; *Richardson* v. *Dunn*, 1 T. & D. 417; *King* v. *Meredith*, 2 Camp. 639) merely establish the general principle, that when goods are ordered to be sent by a carrier, a delivery to the carrier operates as a delivery to the purchaser, in whom the property immediately vests, subject to the vendor's right of stoppage in transitu, and the goods, in the course of their transit, are at the risk of the purchaser. But every general rule has its qualifications. In none of these cases does it appear that the goods were to be paid for in cash upon delivery, and that makes a very material difference, as it follows, unless the contrary is indicated, that the property is not to pass until payment has been made. Up to the time when payment and delivery are to be simultaneous acts, the contract is in its nature executory, and the title to the property is in the vendor. *Benedict* v. *Field*, 16 N. Y. 596. It makes no difference that the goods have been sent by a particular carrier named by the vendee, if the carrier is instructed by the vendor that the goods are to be paid for on delivery. In such a case the carrier becomes the agent of the vendor, and has a claim upon him for the expense of the carriage and safe keeping of the goods, if the vendee refuse to pay on delivery. Such was the relation of the parties in this suit, when the box was lost by the loss of the vessel in which it was shipped, on her way to New Orleans. The title to the goods had not passed to the defendant, and the judgment of the Court below was erroneous.

Judgment reversed.

Hilton, J. concurred.
Brady, J. concurred.