## SARAH S. LANE vs. CHARLES F. CHADWICK.

Dukes County.   November 28, 1887. — January 9, 1888.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES,
& KNOWLTON, JJ.

*Consignor and Consignee — Carrier — Delivery — Title — Replevin.*

A consignee of goods sent C. O. D. cannot maintain replevin against the carrier
before payment and delivery.

REPLEVIN of certain goods.   Trial in the Superior Court, without a jury, before *Hammond*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff ordered the goods from wholesale druggists in Boston to be shipped to her by express C. O. D.   The goods were so shipped, nailed up in two boxes, and accompanied by an itemized bill.   The defendant, an express messenger, took the goods to the plaintiff's store, and demanded the amount of the bill with express charges on delivery of the boxes.   The plaintiff refused to pay until she had had an opportunity to examine the contents of the boxes, and to compare the contents with the bill.   The defendant refused to permit such an examination, and took the boxes away.   There was evidence tending to show that the defendant told the plaintiff, when he brought the boxes, that if the boxes did not contain the goods ordered by the plaintiff he would not refund the C. O. D. charges after payment to him.

Subsequently the plaintiff procured this writ and went to the defendant with the officer, and in his presence tendered to the defendant the amount of the bill and express charges; and, showing the bill of items, demanded that those specific goods be delivered to her.   The defendant replied that he knew nothing about those particular goods, and could not be responsible for the contents of the boxes, but said he was ready to deliver the boxes.   The plaintiff refused to accept the boxes without knowledge of their contents, and the writ was served.   The goods named in the itemized bill were all in the boxes.   The

plaintiff also introduced evidence tending to show that after this last tender she made an absolute tender of the money and demanded the boxes.

The plaintiff asked the judge to rule, that, under a C. O. D. contract like the one in this case, if the consignee pays the carrier's charges, and tenders the price of the goods, the consignee has a right to have it certain that the goods are present before he actually parts with his money, especially when told that the money would not be refunded even if the boxes did not contain the goods so ordered C. O. D. The judge refused so to rule, and found for the defendant.

The plaintiff alleged exceptions.

*P. H. Hutchinson & C. G. M. Dunham,* for the plaintiff.

*H. M. Knowlton,* for the defendant.

MORTON, C. J. To maintain replevin, the plaintiff must show that, at the time she sued out her writ, she was entitled to the immediate and exclusive possession of the goods replevied. *Collins* v. *Evans,* 15 Pick. 63. *Wade* v. *Mason,* 12 Gray, 335.

The goods in suit were delivered to the defendant, who is a common carrier, by the consignor in Boston, to be transported to the plaintiff. They were in two boxes securely nailed up, and were accompanied by an itemized bill. The defendant was instructed to deliver the goods to the plaintiff upon the payment of the bill by her in cash.

The delivery to the carrier was not a delivery to the plaintiff. He was not her agent, but the agent of the consignor. *Merchants' National Bank* v. *Bangs,* 102 Mass. 291. Until he delivered the goods to her, no title or right of possession would pass to her, and it is immaterial whether he rightfully or wrongfully refused to make the delivery. At the time she replevied the goods, she had no title or right of possession. *Exceptions overruled.*