AMERICAN RAILWAY EXPRESS CO. *v.* READY.

1. SALES—DELIVERY OF C. O. D. SHIPMENT TO CARRIER PASSES TITLE.
   Delivery of a C. O. D. shipment to a carrier is a delivery to the buyer and passes title to him, but the right to possession does not pass until payment of the purchase price be made to the carrier.[1]

2. SAME—TRIAL—INSTRUCTIONS—BURDEN OF PROOF—PRESUMPTION OF PAYMENT ON DELIVERY TO CONSIGNEE OF C. O. D. SHIPMENT.
   In an action by the carrier as assignee of the consignor for the purchase price of goods shipped C. O. D., where delivery of the goods to the consignee was admitted, the trial court properly instructed the jury that the burden of proving want of payment was on the plaintiff, since payment is presumed upon delivery.[2] STEERE and FELLOWS, JJ., dissenting..

Error to Berrien; White (Charles E.), J. Submitted June 3, 1925. (Docket No. 27.) Decided December 22, 1925. Rehearing denied April 6, 1926.

Assumpsit by the American Railway Express Company against T. Willard Ready for goods sold and delivered. Judgment for defendant. Plaintiff brings error. Affirmed.

*Charles H. Kavanagh,* for appellant.

*Burns & Hadsell,* for appellee.

FELLOWS, J. (*dissenting*). Defendant in his business uses large quantities of glue which he purchases from Armour & Company of Chicago. Many of the shipments to his plants at South Bend, Indiana, and Niles, Michigan, are open shipments but a consider-

[1]Sales, 35 Cyc. p. 194; [2]Id., 35 Cyc. p. 565.
On transfer of title on delivery to carrier of goods sent C. O. D., see note in 22 L. R. A. 426.

able amount is sent by C. O. D. shipments through plaintiff. Armour & Company, claiming that some of these shipments had not been paid for, presented claims against plaintiff. The express company satisfied itself as to the merits of its claims, paid them, took an assignment from Armour & Company of its account against defendant involved in these various claims and brought this suit to recover thereon. Upon the trial there was no controversy as to the shipments, their receipt by defendant, the quantity or the price, the defense being that they had been paid for. The trial judge thus clearly stated the issue in his charge to the jury:

"In order to simplify the issues here I ought to say at this time that it is admitted by the defendant here that he got these goods set forth in this bill of particulars from Armour & Company; that the goods were delivered at or about the time claimed by plaintiff to the American Railway Company in Chicago and by the express company carried to South Bend or Niles as the case may be and by the express company then delivered to Mr. Ready. He admits those facts, but denies that he did not pay the express company for the goods when he received them. That is the issue in this case. All there is for you to decide. Everything else is admitted by the defendant. The question for you to determine is, Did Mr. Ready pay the express company for those goods when the express company delivered them to him either at South Bend or Niles? That is the issue, sole issue in this case."

Upon this issue he charged that the burden was on the plaintiff to establish want of payment. This presents the meritorious question in the case.

Plaintiff is suing as assignee of Armour & Company and it is manifest that the same rules should apply as though the suit had been brought by its assignor. We should first consider the relations of the parties on a C. O. D. shipment. Plaintiff is a common

carrier.    A delivery to it by the consignor of goods for shipment is a delivery to the consignee.    Section 11877, 3 Comp. Laws 1915 (uniform sales act) ; *Dow Chemical Co.* v. *Detroit Chemical Works*, 208 Mich. 157 (14 A. L. R. 1200).    By the weight of authority this was the rule as to C. O. D. shipments before the adoption of the uniform sales act.    By delivery of the goods to the carrier for shipment the right of property in the goods passed to the consignee although the right of possession did not pass until payment and the consignor retained a lien for the purchase price.    The carrier was the agent of the consignee to transport the goods and the agent of the consignor to transport the money received on their delivery. See 10 C. J. p. 278; *Higgins* v. *Murray*, 73 N. Y. 252; *Pilgreen* v. *State*, 71 Ala. 368; *State* v. *Carl & Tobey*, 43 Ark. 353 (51 Am. Rep. 565) ; *Brechwald* v. *People*, 21 Ill. App. 213; *Norfolk Southern R. Co.* v. *Barnes*, 104 N. C. 25 (10 S. E. 83, 5 L. R. A. 611) ; *Commonwealth* v. *Fleming*, 130 Pa. 138 (18 Atl. 622, 5 L. R. A. 470, 17 Am. St. Rep. 763) ; *contra, Baker* v. *Bourcicault*, 1 Daly (N. Y.), 23; *Lane* v. *Chadwick*, 146 Mass. 68 (15 N. E. 121).    In Corpus Juris it is said:

"There is a square conflict in the authorities as to whether the attaching of this condition to the delivery affects the ordinary presumptions as to the title to the goods while in transit.    By the decided weight of authority delivery C. O. D., like an ordinary delivery to a carrier, presumptively passes title to the consignee, the only difference being that the carrier is to retain possession of the goods as agent for the shipper until payment is made by the consignee, and on receiving money in payment is, as carrier for the consignor, to transport back such money.    In other words, under this view, the title to the goods passes to the consignee on delivery to the carrier, but right to possession in the nature of a vendor's lien remains with the consignor while the goods are in the carrier's possession, and terminates only when the condition is performed and the money paid by the consignee to

the carrier, whereupon the title to and possession of the money vests in the consignor." 10 C. J. p. 278.

The delivery of the goods to the carrier being a delivery to the defendant, had a suit been brought by Armour & Company against defendant it would have made its case by proving the contract of sale and delivery of the goods to the carrier. The defense admits a valid contract of sale with Armour & Company and the delivery of the goods to him. His position is an admission that he was liable for the price but had discharged such liability by payment. Now payment is made an affirmative defense by Circuit Court Rule No. 23, § 2. But before the adoption of this rule it was held that the burden of proof rested on defendant to establish payment. *Baldwin* v. *Clock,* 68 Mich. 201; *North Pennsylvania R. Co.* v. *Adams,* 54 Pa. St. 94 (93 Am. Dec. 677); *Melone* v. *Ruffino,* 129 Cal. 514 (62 Pac. 93, 79 Am. St. Rep. 127). In the last cited case it is said:

"Where a plaintiff has proved the existence of a debt sued on—at least, within the period of statutory limitation—the burden of proving payment is on the defendant. That this is the rule at common law no one can doubt. * * *

"Of course, it has been held by this court, as it was always held at common law, that in a complaint upon a promissory note, or other obligation to pay money, there must be an averment that the money had not been paid. This is necessary to make the complaint perfect upon its face. But it is a *non sequitur* to say that because such negative averment is necessary in the complaint therefore it is necessary for the plaintiff to prove it. The question is not one of pleading, but of evidence; not what must be alleged, but where the burden of proof lies. The general rule is that a party is not called upon to prove his negative averments, although they may be necessary to his pleading."

In *Truax* v. *Heartt*, 135 Mich. 150, this court, considering an affirmative defense under a former court rule, said:

"Circuit Court Rule No. 7 requires notice of an affirmative defense. Recoupment is such, and the learned circuit judge was clearly right in saying that the burden of proving it was upon the defendant."

We are persuaded that the burden of proving payment was on defendant. The rule as to the burden of proof is a substantial right and important in the administration of justice. 22 C. J. p. 69.

A careful reading of the record does not convince us that we should interfere with the verdict of the jury. If we were the triers of the facts we might reach a different result, but unless the verdict is manifestly against the clear weight of the evidence, we can not set it aside. We do not find that it is. The trial judge was somewhat liberal in admitting exhibits offered for the purpose of showing the course of dealing between defendant and Armour & Company, but we are not persuaded that he committed reversible error in so doing.

The other errors assigned need not be discussed. Some of them are without merit and others are not liable to arise on a new trial.

For the error in the charge, the case should be reversed and a new trial granted. Plaintiff should have costs of this court.

STEERE, J., concurred with FELLOWS, J.

SHARPE, J. I agree with Mr. Justice FELLOWS that the delivery of a C. O. D. shipment to a carrier is a delivery to the buyer, and passes title to him. The title thus acquired, however, does not confer upon him the right to possession of the goods shipped until payment be made to the carrier. It is the duty of the carrier under its contract with the shipper to

collect on delivery.   Without proof to the contrary, it will be presumed that it performed its duty in that respect.

It is said that, had Armour & Company sued defendant, "it would have made its case by proving the contract of sale and delivery of the goods to the carrier." Proof of the contract would have disclosed that under one of its provisions delivery to the defendant should not be made without payment. It appearing from plaintiff's proofs that delivery had been made, payment will be presumed and the burden cast on plaintiff to rebut this presumption.

"When the property has been delivered to the consignee, a presumption arises that the freight has been paid." 10 C. J. p. 449.

"From the fact that the property was delivered to plaintiffs at the point of destination, it is to be presumed that they paid the freight charges thereon. If they did not, the defendant should have made it appear." *Shea* v. *Railway Co.,* 63 Minn. 228 (65 N. W. 458).

The judgment is affirmed.

McDONALD, C. J., and CLARK, BIRD, and MOORE, JJ., concurred with SHARPE, J.   WIEST, J., did not sit.