CHICKERING & SONS *vs.* M. STEINERT & SONS CO.

Suffolk.   January 6, 1932. — January 25, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Sale*, What constitutes.   *Replevin.*

At the trial in a district court of an action of replevin of a piano between two corporations dealing in pianos, it appeared that the plaintiff entered into a contract in writing with a woman to sell her a piano for which she agreed to deliver in even exchange a piano which she owned; that the next day the defendant made a similar contract with her and on the same day took possession of the piano, which thereafter the plaintiff replevied. There was evidence that the piano sold by the plaintiff in exchange was tagged by it, placed in its shipping room and set apart for the woman, and that the defendant knew when it made its contract with the woman that she had signed the contract with the plaintiff. The judge found that the defendant did not take the piano in good faith and that it had notice of the sale to the plaintiff, and found for the plaintiff. *Held*, that

(1) Findings were warranted that the transaction between the woman and the plaintiff was a sale with intention on the part of both that title to the pianos should pass at once upon the execution of their contract; that as between the parties to that contract the plaintiff acquired the right of immediate possession; and that the circumstances under which the defendant entered into its contract with the

woman and obtained possession of her piano were such that it gained no right to prevent the plaintiff from taking possession of that piano without making a previous demand;.

(2) No error was shown.

REPLEVIN of a Steinway piano.   Writ in the Municipal Court of the City of Boston dated March 31, 1931.

In the Municipal Court, the action was heard by *Zottoli,* J.   Material evidence, and findings and rulings by the judge are described in the opinion.   The judge found for the plaintiff, assessing damages in the sum of $1, and reported the action to the Appellate Division.   The report was ordered dismissed.   The defendant appealed.

The case was submitted on briefs.

*J. I. Hanflig & S. A. Dearborn,* for the defendant.

*A. C. Landers,* for the plaintiff.

SANDERSON, J.   This action was brought in the Municipal Court of the City of Boston for replevin of a piano. The trial judge found that on March 26, 1931, the plaintiff entered into a contract with Eudora G. Durgin for the sale of a Chickering piano for which she agreed to deliver her Steinway piano in even exchange.   On March 27, 1931, the same Eudora G. Durgin entered into a similar contract with the defendant agreeing to purchase a Steinert upright piano and give in exchange her Steinway piano, and on the same day the defendant took possession of the Steinway piano which was replevied from the defendant on this writ.

The testimony of Mrs. Durgin tended to prove that she went to the plaintiff's store on March 26 and signed a contract for the exchange of pianos, after having seen a representative of the defendant with whom she had an appointment for the next morning.   After signing the contract with the plaintiff and before she entered into the agreement with the defendant she telephoned the representative of the defendant and told him she had decided to take a Chickering piano in place of the Steinert.   He suggested that she should not make a decision until he saw her, and on the next day the representative of the defendant saw her and the contract was entered into with the

defendant. She testified that she was to take the Chickering piano when she moved from the place where she then lived, and that the Chickering people were to get her piano when they wanted it. The representative of the plaintiff testified that he sold the piano to Mrs. Durgin and that it was tagged, placed in the shipping room and set apart for her. There was testimony tending to show that the defendant knew when the contract was made by it that Mrs. Durgin had signed the agreement with the plaintiff for the exchange of pianos.

The defendant requested the trial judge to rule: "1. Upon all the evidence and the law the plaintiff is not entitled to recover, because . . . . They have not shown the right of immediate possession as against the defendant. 2. If Mrs. Durgin remained in possession of the piano in question and delivered it to the defendant, the defendant paying value therefor and taking the same in good faith without notice of any previous sale, the plaintiff cannot recover. 3. The transaction in this case was of the same effect as though Chickering & Sons authorized Mrs. Durgin to make the sale to the defendant. 4. There was no evidence tending to show that the defendant did not take the piano of value in good faith and without notice. 5. If the defendant did not receive notice of a prior contract with the plaintiff until after it had taken possession of the piano the plaintiff is not entitled to recover." The requests numbered 1, 3, and 4 were denied. As to requests numbered 2 and 5 the trial judge stated that they were good statements of the law, but that the facts therein assumed were not found. He then made findings to the effect that the defendant did not take the piano in good faith and that it had notice of the sale, and found for the plaintiff, assessing damages in the sum of $1. Upon report to the Appellate Division the report was ordered dismissed and the defendant appealed.

The contention of the defendant is that its first request should have been given because the right to possession in this case depends upon the passing of legal title to the plaintiff, and that the evidence does not justify a finding

that the title passed.   For the purpose of this decision it is assumed, without deciding, that the defendant has the right to argue this question on the record.   See *Holton* v. *American Pastry Products Corp.* 274 Mass. 268, 270.   Upon the testimony the trial judge would have been warranted in finding that the transaction between Mrs. Durgin and the plaintiff was a sale with intention on the part of both that title to the pianos should pass at once upon the execution of their contract, and that as between the parties to the contract the plaintiff acquired the right of immediate possession; and that the circumstances under which the defendant entered into its contract with Mrs. Durgin and obtained possession of the Steinway piano were such that it gained no right to prevent the plaintiff from taking possession of that piano without making a previous demand. See G. L. c. 106, § 20, and § 21, Rule 1; *Bondy* v. *Hardina*, 216 Mass. 44, 47; *Hecht* v. *Boston Wharf Co.* 220 Mass. 397, 408.

The rule stated in *Goodhue* v. *State Street Trust Co.* 267 Mass. 28, 36, does not apply because upon the facts found in the case at bar as to notice and good faith the two contracts in question were not of equal validity.

> *Order of Appellate Division dismissing*
> *report affirmed.*