Riley, J.
The plaintiff, the prevailing party in this action of replevin, is engaged in the wholesale distribution of Norge refrigerators and ranges, having a place of business in Albany, N. Y. The defendant, a finance company located in Pittsfield, Mass., has advanced money upon certain merchandise shipped by the plaintiff to one of its customers in Pittsfield named Dracup, which merchandise is the subject of this action.
There was evidence for the plaintiff that in the early part of 1937 its representative entered into an oral agreement with Dracup in behalf of the plaintiff under which Dracup became a dealer in merchandise distributed by the plaintiff, the terms of the agreement being “0. 0. D. at Dracup’s place of business, 99 First Street, Pittsfield, Mass., goods not to be delivered until paid for”; that there was at no time any written agreement between the plaintiff and Dracup ; that no open credit was ever extended by the plaintiff to Dracup ; that Jay Brown, a trucking carrier having his place of business in Pittsfield, was designated by Dracup and accepted by the plaintiff as the carrier for this merchandise and that he so acted at all times; that all trucking charges were paid by Dracup on open account between Brown and Dracup; that at no time had Brown ever made delivery of the merchandise from the plaintiff to Dracup without first being paid for the same by Dracup’s uncertified check; that in response to order by Dracup1 for five Norge ranges and ten Norge Refrigerators, on September 26th, 1938, the plaintiff delivered one range at its place of business in Albany to Brown, that Brown transported it from Albany to Pittsfield on September 26th; that on October 10th, 1938, the plaintiff delivered four ranges at its *378 place of business in Albany to Brown, that Brown transported them from Albany to Pittsfield on October 10th; that on October 11th, 1938 the plaintiff delivered ten refrigerators at its place of business in Albany to Brown, that Brown transported them from Albany to Pittsfield on October 11th. These fifteen pieces of merchandise constitute the property replevied in this action. The evidence for the plaintiff was that in each case Brown took the merchandise to Dracup’s place of business and on failure to collect the price from Dracup returned the' merchandise to his own place of business ; that on October 15th Brown was absent from the City and on his return he found that the merchandise had been taken from his loading platform by Dracup’s men to Dracup Vplace of business without his knowledge or consent; that Brown later asked Dracup for payment of the same but never obtained it and'took no further action other than to ask Dracup to make payment or to return the merchandise.-
The trial judge found that Dracup had been buying merchandise from the plaintiff since 1937 under an agreement that Dracup was to pay for it when delivered at his place of ■business in Pittsfield by Brown and found that it was the intention- of the" parties that title to merchandise entrusted to- Brown for delivery should not pass to Dracup until the merchandise was actually paid for by the .delivery of a check for the púrchase price from Dracup to Brown. Although he found that Brown had sometimes delivered merchandise éntrustéd to him by the plaintiff tó Dracup without receiving the check, he further found that the plaintiff was not aware of -this conduct- by Brown. He found that the merchandise which is the subject of this writ of replevin was not delivered by Brown to Dracup- but was taken from Brown’s premises without his authority by Dracup. He also found that Brown was negligent in allowing Dracup to oh *379 tain possession of this merchandise but that the plaintiff did not know of this or other negligent conduct on the part of Brown. He found that the plaintiff on the date of the writ had the title to the articles described therein and the right to possession thereof and found for the plaintiff.
He denied the following Requests for Rulings filed by the defendant.
1. Title passes on delivery to the carrier under G. L. Chapter 106, Section 21, Rule 4 unless the seller is under a legal obligation by his contract with the buyer to deliver the goods to the buyer through the seller’s own agent, or to a particular place through the seller’s own agent, or to pay the freight.
2. If the seller delivers the goods sold by description to a carrier not his agent except for the purpose of collecting on delivery, title passes on delivery to the carrier.
3. There is no evidence of a contract requiring the seller to deliver the goods in question to the buyer or at a particular place other than to the carrier with instructions to deliver to the buyer.
5. The goods in question were the type of goods referred to in Rule 4.
Requests #1 and #2 were denied on the ground that each omits to take into consideration the first paragraph of Section 21 of the Sales Act wherein the rule quoted in the Requests is made to apply only “unless a different intention appears.” The defendant strenuously argues that the trial judge was wrong in the manner in which he dealt with these two Requests and, as we understand it, on the evidence title passed to Dracup as matter of law under Rule 4 of Section 21, G. L. (Ter. Ed.) Chap. 106.
We think the trial judge was right in refusing these two Requests on the grounds which he gave. The rules set out *380 in G. L. (Ter. Ed.) Chap. 106 See. 21 for ascertaining the intention of parties as to the passing of title are effective only, in the absence of evidence of a different intention. See Daniel Gage, Inc. vs. Kimball, 288 Mass. 413, an action between the seller and buyer of certain merchandise. The court-says at page 422, “Request numbered 18 that ‘Upon all the evidence the burden of proving a different intention, within the meaning of G. L. Chap. 106 Section 21, has not been sustained by the defendant’ was denied rightly. The technical burden of proof wás upon the plaintiff ; the burden of going forward was upon the defendant. There-was ample evidence to raise the issue of intention and to put the plaintiff to- a rebuttal of the case made by the defendant.”
■' While the defendant argues that there was no evidence of a different intention in the case at bar,. no request to that effect was presented to the trial judge. The only question presented by the first two Requests is whether the court was obliged to instruct himself unqualifiedly in the terms of these Requests. We think the manner in which these Requests w;ere dealt with by the judge was proper.
While Section 21 does not set out how the intention of the parties is to be ascertained, a formula for this purpose is set. out in the preceding section of the Sales Act, Section 20 Paragraph 2, which reads, “For the purpose of ascertaining-the intention-of the parties, regard shall be hád to the terms of the contract, the conduct of the parties, usage of trade, and the circumstances of the cases.” This is declaratory of the common law and applies to sales of unascertained goods as well as specific goods. Garvin, Inc. vs. N. Y. Central Railroad, 210 Mass. 275, 280 and cases there cited. Chickering & Sons vs. M. Steinert & Sons Co. 278 Mass. 156, 159 and cases cited. Brush vs. New Bedford, 250 Mass. 543. Frey Co. vs. Silk, 245 Mass. 534, 539 and cases there cited.
*381 Title cannot pass to unascertained goods until they are set apart and appropriated to the contract. G. L. (Ter. Ed.) Chap. 106 Section 19. G. E. Lothrop Theatres vs. Edison Electric etc. Co., 290 Mass. 189, 193. Under Rule 4 of Section 21 such goods must be unconditionally appropriated to the contract either by the seller with the assent of the buyer or by the buyer with the assent of the seller, before the property in the goods passes to the buyer. The evidence in the case at bar did not require a finding that the goods in question had been unconditionally appropriated to the contract.
Assuming the question is open to the defendant on the report, which we are inclined to doubt, we think the trial judge was warranted in finding that the intention of the parties to the sale was that title was to remain in the plaintiff until the payment therefor had been made by the purchaser Dracup. It is to be borne in mind that this was not a single transaction but that the parties had been dealing together for more than a year, and that the agreement evidenced by their conduct was that no delivery of articles was to be made to Dracup until the check therefor had been received by Brown, the expressman, and that as far as the plaintiff knew Brown had always carried out this arrangement. While by Paragraph 2 of Rule 4, there is a presumption that delivery to a carrier by the seller for the purpose of transmission to the buyer transfers the title to the buyer, notwithstanding the buyer is to pay the price before the delivery of the goods and they are marked with the words ‘1 Collect on Delivery,” we are not prepared to hold that this presumption cannot be rebutted by evidence of the conduct of business between the parties and their understanding with respect to these terms. Before the passage of the Sales Act, the contrary presumption existed in Massachusetts. Lane vs. Chadwick, 146 Mass. 68.
*382 The conduct of Dracup in surreptitiously securing possession of the merchandise after delivery had been refused him by the carrier, was some evidence of his construction of the terms of the contract.
There was no error in denying the defendant’s third Bequest for Buling. The contract as found by the court went further than the terms of this Bequest for it required the carrier not only to deliver to the buyer but to collect the money for the goods purchased before delivery.
The trial judge should have granted the defendant’s fifth Bequest for Buling. It does not seem to be controverted that at the time the contract was made the goods were unascertained. If the judge felt that the goods in question were specific goods Buie 4 would not apply. While, as we have said, Buie 4 was subject to the qualification that a different intention might be shown between the parties, we thintr the defendant was entitled to have this rule considered by the trial judge as Paragraph 2 thereof sets out the ordinary rule that delivery by the seller to a carrier transfers title to the goods to the purchaser. Edelstone vs. Schimmel, 233 Mass. 45, 49 and cases cited. It is true that he stated that his finding as to the intention of the parties would be the same whether the Bequest was granted or denied. Nevertheless, this finding may have been made without reference to the applicability of Buie 4 and the presumption which it creates. If he had granted this Bequest his finding would have been clear. In view of his refusal, we are uncertain as to whether he was guided by correct principles of law in his decision. Markiewicz vs. Toten, 292 Mass. 434 at 437 and cases cited.
Therefore, on the ground that there was prejudicial error in denying the defendant’s fifth Bequest for Buling, a new trial is ordered.